IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HYPOLITE,

    Petitioner,               No. CIV S-11-0719 DAD P

  vs.

KATHLEEN DICKINSON,

    Respondent.          ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 4.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**I. Petition for Writ of Habeas Corpus**

      In 2006, petitioner was convicted and sentenced in the Los Angeles County Superior Court for committing a lewd act upon a child under the age of fourteen in violation of California Penal Code § 288(a), with a sentencing enhancement for causing great bodily harm in

violation of California Penal Code § 12022.8.  The great bodily harm enhancement was based on a finding that the victim of the offense contracted genital herpes from petitioner.

In his pending application for federal habeas relief petitioner asserts that he is challenging the January 8, 2009 decision of the California Board of Parole Hearings (BPH) finding him unsuitable for parole.  Petitioner presents the following two grounds for relief:

> Ground 1: The state post conviction procedures was [sic] fundamentally inadequate/constitutionally insufficient to vindicate the denial of petitioner's substantive due process rights.
>
> Ground 2: The state court decision approving the board decision rejecting parole is based on an unreasonable determination of the facts in light of the evidence

(Doc. No. 1 at 12 & 22.)  With respect to his first ground, petitioner argues that his due process rights were violated when the state courts and the BPH failed to address his claim that the prosecutor lied about his genital swab test and blood test results in order to wrongly convict petitioner.  (Id. at 15.)  Instead, according to petitioner, the Los Angeles County Superior Court and the California Court of Appeal merely found that there was "'some evidence'" to support the BPH's decision to deny parole.  (Id.)[1]

As to his second ground for relief, petitioner challenges the decision of the BPH denying him parole and the state courts' affirmance of that decision as unreasonable in light of "undisputed clear and convincing evidence" that the trial prosecutor in his case lied and that as a result petitioner was wrongly convicted.  (Id. at 22.)  Again, petitioner refers to his allegation that the and the prosecutor engaged in misconduct by misrepresenting the genital swab and blood test results.  Petitioner also disputes the BPH's assessment of his commitment offense, as well as his lack of insight, criminal history and institutional conduct in denying him parole.  (Id. at 23-25.)

Petitioner has attached excerpts of his parole hearing transcript to his habeas application before this court.  Although incomplete, those hearing transcript excerpts reflect that

---

[1] Petitioner contends that his habeas petition filed with the California Supreme Court in which he raised this same claim was denied.  (Doc. No. 1 at 15.)

at his 2009 parole suitability hearing petitioner made a lengthy statement in support of his release on parole in which he argued that "relevant, reliable information" showed that he did not test positive for genital herpes, that no written report exists for the genital swab test that was supposedly administered to him, that his blood tested negative for IGM antibody, and that the prosecutor lied about these test results. (<u>Id.</u> at 79-80.) Petitioner's statement to the BPH panel was interrupted by the presiding commissioner, who cautioned petitioner, "Sir, you've moved away from your suitability for parole. You're starting to make accusations and retry your own case." (<u>Id.</u> at 80.) However, the transcript reflects that petitioner failed to heed this advice and continued to advance his arguments, as follows:

> I believe that it's way past time to erase this fantasy and false insight and to instead deal in the reality and truth that I do not have genital herpes, I did not test positive for genital herpes and they lied about my test results to wrongly convict me.
>
> * * *
>
> To not give me a date because I refuse to lie about these basic and fundamental truths about my case would serve only to perpetuate the corruption and lack of integrity in the criminal justice system and would be a discredit to the integrity of the Board of Parole Hearings itself. The fifth reason, last but not least, I should be found suitable for parole. I should be found suitable because doing so would be the right thing to do under the true facts of this case and doing so would comply with the statutory, that's Penal Code rule that parole is "normally to be granted at the Initial Suitability Hearing." Parole is the rule rather than the exception, and the Board's authority to make exceptions to this rule should not operate so as to swallow the rule that parole is normally to be granted. Even though I stand wrongly convicted, I have taken full responsibility for that which I stand convicted by staying alive and doing this time in peace.
>
> * * *
>
> Let the prosecutor keep her ill-earned conviction, but please do the right thing here and find me suitable and give me the earliest possible release date.

(<u>Id.</u> at 83-86.)

/////

## II. Analysis

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

The court construes the grounds for relief stated by petitioner in his application for federal habeas relief as a claim that his right to due process was violated by the BPH when it denied him parole in 2009. The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

4

1  Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
2  person to be conditionally released before the expiration of a valid sentence."). However, a
3  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
4  will be granted" when or unless certain designated findings are made, and thereby gives rise to a
5  constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

6        California's parole scheme gives rise to a liberty interest in parole protected by the
7  federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
8  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
9  Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
10  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
11  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
12  California law creates a liberty interest in parole.") In California, a prisoner is entitled to release
13  on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
14  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

15        In Swarthout, the Supreme Court reviewed two cases in which California
16  prisoners were denied parole - in one case by the Board, and in the other by the Governor after
17  the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that
18  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
19  requires fair procedures, "and federal courts will review the application of those constitutionally
20  required procedures." Id. at 862. The Court concluded that in the parole context, however, "the
21  procedures required are minimal" and that the "Constitution does not require more" than "an
22  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
23  Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit
24  decisions that went beyond these minimal procedural requirements and "reviewed the state
25  courts' decisions on the merits and concluded that they had unreasonably determined the facts in
26  light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected

the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.[2] See also Pearson, 639 F.3d at 1191.

The record reflects that petitioner was present at his 2009 parole hearing, that he was provided an opportunity to be heard, and that he received a statement of the reasons why parole was denied by the BPH panel. That is all the process that was due petitioner under the U.S. Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191. Accordingly, petitioner's application for federal habeas relief will be dismissed because it plainly appears from the face of that petition, and the exhibits attached thereto, that the petitioner is not entitled to federal habeas relief with respect to his due process claim.

To the extent that petitioner wishes to seek to overturn his underlying state court conviction on the grounds of prosecutorial misconduct and/or insufficiency of the evidence, he can do so only by a separate habeas action challenging that conviction. However, the court notes that petitioner previously filed a federal habeas petition with this court challenging his underlying conviction. See Hypolite v. Knowles, Case No. CIV S-08-1103 JAM GGH P.[3] That petition was filed on May 20, 2008, and among the grounds for relief that petitioner presented therein was a claim of prosecutorial misconduct in which petitioner alleged that the prosecution had lied about the genital swab test and blood test results in proceedings before the state trial court. Because

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

petitioner's 2006 trial was conducted in the Los Angeles County Superior Court, his federal habeas action challenging that conviction was transferred to the U.S. District Court for the Central District of California.  On October 7, 2010, that federal habeas petition was denied. Hypolite v. Knowles, No. CV 08-4228-DDP (PJW), 2010 WL 3952879 (C.D. Cal. Oct. 7, 2010). Therefore, before petitioner can proceed with an application for habeas relief, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the U.S. District Court for the Central District of California to consider such a second or successive application. See 28 U.S.C. § 2244(b)(3); see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. §2244(b).").

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's March 16, 2011 application to proceed in forma pauperis (Doc. No. 3) is granted;

2. Petitioner's petition for a writ of habeas corpus is summarily dismissed because it plainly appears from the face of that petition that petitioner is not entitled to federal habeas relief pursuant to 28 U.S.C. § 2254; and

3. This action is closed.

DATED: November 15, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hypo0719.156